# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENX PROCESSORS MAURITIUS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW JACKSON and SYMMETRIC SYSTEMS LLC,<br><br>Defendants. | Case No. 2:14-CV-01938-APG-PAL<br><br>**ORDER DENYING AS MOOT MOTION TO SET ASIDE DEFAULT JUDGMENT AND GRANTING MOTION TO AMEND COMPLAINT**<br><br>(ECF Nos. 12, 19) |

Plaintiff GenX Processors Mauritius Limited previously obtained a default judgment against defendants Matthew Jackson and Symmetric Systems LLC. ECF No. 11.  After the default judgment was entered, GenX learned that defendant Symetric Systems LLC changed its status from a limited liability company to a corporation.  GenX thus initially moved to set aside the default judgment, but now moves to amend the complaint to add Symmetric Systems, Inc. as a defendant and to add claims against the new defendant for alter ego and successor liability.

Generally, a plaintiff may amend its complaint "once as a matter of course within . . . 21 days of serving it," or within 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").  I consider five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended the complaint. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma*

*Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  Whether to grant leave to amend lies within my discretion. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

I grant the motion to amend.  No party has opposed amendment.  There is no evidence of bad faith.  GenX explains that amendment is based on evidence uncovered after judgment was entered against the original defendants.  There is no evidence of undue delay and no party argues amendment was unduly delayed.  No prejudice to any party has been identified.  It does not appear amendment would be futile.  GenX has not previously moved to amend.  GenX shall detach and file the proposed amended complaint within 10 days of the date of this Order.  I deny the motion to set aside the default as moot in light of the motion to amend the complaint to add Symmetric Systems, Inc.

IT IS THEREFORE ORDERED that plaintiff GenX Processors Mauritius Limited's motion to set aside the default judgment **(ECF No. 12) is DENIED as moot**.

IT IS FURTHER ORDERED that plaintiff GenX Processors Mauritius Limited's motion to amend the complaint **(ECF No. 19) is GRANTED**.  GenX shall detach and file the proposed amended complaint within 10 days of the date of this Order.

DATED this 22nd day of April, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE